PRICE, Judge.
On the application of the district attorney for the Twenty-Eighth Judicial District we granted a writ of certiorari to review the order of the district court commanding the district attorney’s office to represent the petitipners in two judicial commitment proceedings under the provisions of R.S. 28:53.
*82 The brief record in each of these proceedings reflects the following: Joe Ross, Jr., filed an application for the judicial commitment of John Hubbard Ross and an order was signed by the district judge appointing an attorney at law to represent the patient and a date for a hearing was fixed as provided by the judicial commitment statute. A similar application was filed by Otis Peavy seeking the judicial commitment of John Peavy, III. The minutes of the court in each of these matters reflect that at the time they were called for hearing by the court an order1- was rendered by the trial judge instructing the district attorney to represent the petitioner in each proceeding. The minutes further reflect that an oral objection was made by a member of the district attorney’s staff to the authority of the court to appoint or require the district attorney’s office to perform such a service. Notice of the intent to apply to this court for writs was given and the proceedings were continued pending disposition of the application.
Article 5, Section 26(B) of the Constitution of the State of Louisiana of 1974 provides:
“(B) Powers. Except as otherwise provided by this constitution, a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district, be the representative of the state before the grand jury in his district, and be the legal advisor to the grand jury. He shall perform other duties provided by law.”
We can find no existing statutory law which requires a district attorney to represent the petitioner in a judicial commitment proceeding. Although R.S. 28:53 provides for the appointment of an attorney to represent the patient, there is no requirement that an attorney be furnished to the person filing the application.
For these reasons we are of the opinion that the court was in error in this regard and the writ previously issued herein is made absolute; the order of the district judge appointing the district attorney to represent the petitioner in the proceedings styled State of Louisiana, In Re Application for Judicial Commitment of John Peavy, III, No. C-10,920, and State of Louisiana, In Re Application for Judicial Commitment of John Hubbard Ross, Docket No. C-10,-693, of the Twenty-Eighth Judicial District Court for Caldwell Parish, is hereby annulled and the proceedings in each cause is remanded for further proceedings in accordance with law and the views expressed herein.